UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL RIZZITELLI, JR.,<br>    *Plaintiff*,<br>    *v.*<br>MELVIN THOMPSON,<br>    *Defendant*. | Civil No. 3:11cv607 (JBA)<br><br>August 4, 2014 |

**RULING ON MOTION FOR REMAND**

Pending before this Court is Plaintiff Samuel Rizzitelli, Jr.'s renewed motion [Doc. # 32] to remand the instant action to state court.  Plaintiff argues that the removal of this case was procedurally deficient because it was untimely, and that the Court lacks subject matter jurisdiction over the remaining claims.  Plaintiff further argues that because Defendant Melvin Thompson lacked an objectively reasonable basis for removing this action, the Court should award Plaintiff his costs and attorney's fees in the amount of at least $5,000 pursuant to 28 U.S.C. § 1447(c).[1]  Defendant consents to the remand of this action, but objects to Plaintiff's motion on the limited basis that an award of costs and attorney's fees is unwarranted.  For the following reasons, Plaintiff's motion is granted in part and denied in part.

**I.    Background**

The Court presumes the parties' familiarity with the tortured procedural history of this case.  Briefly, Plaintiff commenced this action in state court on June 2, 2009, and filed a revised complaint on October 1, 2009.  (*See* Complaints, Ex. A to Pl.'s 1st Mot. to Remand [Doc. # 13].)  The Revised Complaint contained state-law claims for defamation, invasion of privacy, intentional infliction of emotional distress, and negligent infliction of

---

[1] Plaintiff has not submitted any documentation in support of his claimed costs and fees.

emotional distress.  (*Id.*)  Defendant filed his answer on December 15, 2009 (*see* Answer, Ex. B to Pl.'s 1st Mot. to Remand), and on January 14, 2010, filed counterclaims for defamation, invasion of privacy, fraud, breach of contract, breach of covenant of good faith and fair dealing, malpractice, and violation of the Connecticut Unfair Trade Practices Act (Revised Counterclaim, Ex. C to Pl.'s 1st Mot. to Remand).  The case proceeded to discovery in state court, but on April 7, 2011, after Plaintiff had moved for nonsuit against Defendant, Defendant filed a notice of removal to federal court.  (*See* State Court Docket Sheet, Ex. D to Pl.'s 1st Mot. to Remand.)

Defendant, who has had formal legal training but is not a licensed attorney, filed his notice of removal pro se, claiming federal subject matter jurisdiction pursuant to 28 U.S.C. § 1443, which provides federal courts with subject matter jurisdiction over certain civil rights cases.  (*See* Not. of Removal [Doc. # 1] at 3.)  Defendant also moved to consolidate this case with a related case he had filed against Plaintiff in federal court.  (*See* Mot. to Consolidate [Doc. # 9].)  After the Court granted [Doc. # 10] the motion to consolidate, Plaintiff filed a motion [Doc. # 13] to remand the case to state court.  The parties continued litigating their respective claims in the consolidated action—*Thompson v. Rizzitelli, et al.*, 10cv71—which matter has been described by Magistrate Judge Margolis as "over-litigated" and "obsessive[]."  (*See Thompson v. Rizzitelli, et al.*, 10cv71 (JGM), Order Administratively Closing File [Doc. # 176] at 1, 2 n.4.)

On February 8, 2012, Magistrate Judge Margolis denied Plaintiff's first motion to remand without prejudice to renew in light of the fact that Defendant had filed for personal bankruptcy.  (*See id.* at 6.)  On June 4, 2012, Magistrate Judge Margolis revoked the order of consolidation and severed the two cases.  (*See Thompson v. Rizzitelli, et al.*, 10cv71 (JGM) Suppl. Order [Doc. # 186]  at 4–5.)  Plaintiff filed a second motion [Doc.

# 16] to remand on August 28, 2012, which the Court denied [Doc. # 25] without prejudice to renew in light of a second bankruptcy filing by Defendant, and the case was administratively closed.  On October 28, 2013, this case was restored to the active docket in light of the termination of the automatic stay [Doc. # 28], and Plaintiff renewed for a third time his motion to remand.

## II.    Discussion

Plaintiff moves for an order remanding this action to state court, and for an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).  Defendant agrees that the remaining claims in this case should be remanded, and thus the Court grants that portion of Plaintiff's motion on consent.  However, Defendant objects to an award of costs and attorney's fees, arguing that such an award is impermissible because he had an objectively reasonable basis to remove this action to federal court, and because such an award is barred by his discharge from bankruptcy, as the removal of this action pre-dated the filing of his bankruptcy petition.[2]

Section 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has stated that the language of § 1447(c) does not indicate that fees "should either usually be granted or usually be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  Rather, the statute "authorizes courts to award costs and fees, but only where such an award is just."  *Id.* at 138.  Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

---

[2] Because the Court declines to exercise its discretion in this case to award Plaintiff his costs and attorney's fees, it need not determine whether such an award would violate Defendant's bankruptcy discharge.

seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.  "Although the district courts retain the discretion to depart from those rules in unusual circumstances, a court's reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011).  The Supreme Court has described the purpose of § 1447(c) as striking a balance between "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. Therefore, the Court must determine whether Defendant had an objectively reasonable basis to remove this action, and if not, whether the particular circumstances of the removal would render an award of costs and fees "just."

Defendant relies on 28 U.S.C. §1443 in support of his removal of this action. Section 1443(1)[3] provides, in pertinent part that a defendant may remove a civil action from state court to federal court where that action has been filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  In his notice of removal, Defendant claims that Plaintiff filed this action in state court in an attempt to deprive Defendant of his First, Fourteenth, and Fifteenth Amendment rights with respect to Defendant's attempts to compete for the Derby Democratic Party's endorsement to run for mayor of the city.

---

[3] Although Defendant did not specify whether he was removing the action under § 1443(1) or § 1443(2), the only case cited in the notice of removal was *State of Georgia v. Rachel*, 384 U.S. 780 (1966), which addressed only § 1443(1).

4

The Supreme Court has announced a two-pronged test with respect to removal pursuant to § 1443(1): "First it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. . . . Second, it must appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Missisippi*, 421 U.S. 213, 219 (1975) (internal citations and quotation marks omitted). With respect to the second prong, "[t]his provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* "[I]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id.* 828.

In the only case Defendant cites in support of removal, *State of Georgia v. Rachel*, 384 U.S. 780 (1966), the defendants were being prosecuted for trespassing because they refused to leave a restaurant when asked to do so on the basis of their race. The Supreme Court determined that the state trespass statute was in direct contravention of the defendants' rights under the Civil Rights Act of 1964 to equal enjoyment of places of public accommodation regardless of race. Here Defendant is being sued for state

common law torts based on Plaintiff's allegation that Defendant published false statements accusing Plaintiff of various criminal behaviors, including driving while intoxicated, public drunkenness, and attempted assault of a minor.   (*See* Complaints.) Unlike the defendants in *Rachel*, Plaintiff has not established that he has an absolute federal right to such speech, or that the state common law is facially discriminatory on the basis of race, such that a false finding of liability in state court is virtually inevitable.   To support removal under § 1443(1), "it [i]s not sufficient merely to allege that a [law], fair on its face, [i]s being administered in a discriminatory manner." *Chestnut v. People of State of New York*, 370 F.2d 1, 5 (2d Cir. 1966).   Thus, Defendant's generalized allegations in his notice of removal that "race was a factor" in the initiation of this suit fall far short of the showing required to support removal under § 1443(1).

However, even if the Court were to determine that the wide gulf between the existing precedent interpreting § 1443(1) and Defendant's allegations in support of removal indicates that Defendant lacked any objectively reasonable basis for removing this suit, the Court does not believe that an exercise of its discretion to award Plaintiff his costs and fees is warranted in this case.   Defendant was acting pro se when he removed this case from state court.   Although Defendant does have some formal legal training, he is not a licensed attorney and thus the Court declines to hold him to the same exacting standard as would apply to a member of the bar.   Furthermore, despite evidence of Defendant's delaying tactics in other areas of this litigation, his notice of removal was not clearly a delaying tactic or an attempt to impose additional costs, since he immediately attempted to consolidate this suit (albeit improperly) with a closely related case, which action would tend to increase judicial efficiency and reduce costs.   Therefore, the Court declines to impose an award of costs and attorney's fees under § 1447(c).

**III.     Conclusion**

For the foregoing reasons, Plaintiff's Renewed Motion [Doc. # 32] to Remand is GRANTED on consent, in that the case will be remanded and the clerk is directed to remand this case to the Connecticut Superior Court for the Judicial District of Ansonia/Milford at Milford.   Plaintiff's motion is DENIED with respect to Plaintiff's requests for costs and attorney's fees.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of August, 2014.